1    Seth W. Wiener (California State Bar No. 203747)
     LAW OFFICES OF SETH W. WIENER
2    609 Karina Court
     San Ramon, CA 94582
3    Telephone: (925) 487-5607
     Email: seth@sethwienerlaw.com
4

5    Attorney for Defendant and Third-Party Plaintiff
     Consumer Credit Counseling Foundation, Inc., and
     Defendants National Budget Planners of South Florida, Inc.,
6    and Ishwinder Judge

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9
     KELLY PINN, an individual, on her own          Case No.: 4:22-cv-04048-DMR
10   behalf and on behalf of all others similarly
     situated,                                      **DEFENDANTS' ANSWER TO SECOND
11                                                  AMENDED CLASS ACTION COMPLAINT**
12                            Plaintiffs,
     v.
13
     CONSUMER CREDIT COUNSELING
14   FOUNDATION, INC., NATIONAL BUDGET
     PLANNERS OF SOUTH FLORIDA, INC.,
15   Florida corporations, ISHWINDER JUDGE, an
     individual, DIGITAL MEDIA SOLUTIONS,
16   LLC, a Delaware corporation; and DOES 1-10,
     inclusive,
17
18                            Defendants.

19   CONSUMER CREDIT COUNSELING
     FOUNDATION, INC.,
20
                        Third Party Plaintiff,
21
     v.
22
     DIGITAL MEDIA SOLUTIONS, LLC; and
23   ROES 1-10, inclusive,
24
                        Third Party Defendants.
25

26

27

28

                                       1

**ANSWER**

Defendants Consumer Credit Counseling Foundation, Inc., National Budget Planners of South Florida, Inc. and Ishwinder Judge (collectively "Defendants") answer Plaintiff Kelly Pinn's ("Plaintiff") Second Amended Class Action Complaint ("Complaint"), filed on April 18, 2023, as follows.

**NATURE OF THE CASE**

1.      Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action individually and on behalf of all others similarly situated for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq ("TCPA").  Except as heretofore admitted, Defendants deny the remaining allegations contained therein.

2.      Answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff seeks damages and other remedies. Except as heretofore admitted, Defendants deny the remaining allegations contained therein.

**PARTIES**

3.      Answering Paragraph 3 of the Complaint, Defendants deny that Plaintiff received numerous unsolicited calls from Defendants.  Defendants are without knowledge or information or belief sufficient to admit or deny the remaining allegations contained therein, and on that basis deny those allegations.

4.      Answering Paragraph 4 of the Complaint, Defendants admit the allegations contained therein.

5.      Answering Paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6.      Answering Paragraph 6 of the Complaint, Defendants admit the allegations contained therein.

7.      Answering Paragraph 7 of the Complaint, Defendants deny the allegations therein.

8.      Answering Paragraph 8 of the Complaint, Defendants are without knowledge or information or belief sufficient to admit or deny the allegations contained therein, and on that basis deny those allegations.

9.      Answering Paragraph 9 of the Complaint, Defendants deny the allegations therein.

ANSWER

10.     Answering Paragraph 10 of the Complaint, Defendants deny the allegations therein.

11.     Answering Paragraph 11 of the Complaint, Defendants state that the allegations therein do not require an admission or denial.

## JURISDICTION AND VENUE

12.     Answering Paragraph 12 of the Complaint, Defendants admit the allegations contained therein.

13.     Answering Paragraph 13 of the Complaint, Defendants deny the allegations contained therein.

14.     Answering Paragraph 14 of the Complaint, Defendants admit that they reside in this District, and deny that a substantial part of the events giving rise to the claim occurred in this District.

## COMMON ALLEGATIONS

**Response to Allegations regarding The Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227**

15.     Answering Paragraph 15 of the Complaint, Defendants state that the boilerplate allegations about the TCPA contained therein do not require an admission or denial.

16.     Answering Paragraph 16 of the Complaint, Defendants state that the boilerplate allegations about the TCPA contained therein do not require an admission or denial.

17.     Answering Paragraph 17 of the Complaint, Defendants state that the boilerplate allegations about the TCPA contained therein do not require an admission or denial.

18.     Answering Paragraph 18 of the Complaint, Defendants state that the boilerplate allegations about the TCPA contained therein do not require an admission or denial.

19.     Answering Paragraph 19 of the Complaint, Defendants state that the boilerplate allegations about the TCPA contained therein do not require an admission or denial.

20.     Answering Paragraph 20 of the Complaint, Defendants state that the boilerplate allegations about the TCPA contained therein do not require an admission or denial.

21.     Answering Paragraph 21 of the Complaint, Defendants state that the boilerplate allegations about the TCPA contained therein do not require an admission or denial.

ANSWER

**Response to Allegations regarding CCCF Defendants' For-Profit Business**

22.     Answering Paragraph 22 of the Complaint, Defendants admit that CCCF offers credit counseling services and debt management plans on a non-profit basis, and deny that CCSF's business is subject to the statutes cited therein.

23.     Answering Paragraph 23 of the Complaint, Defendants state that the legal conclusions cited therein do not require an admission or denial.

24.     Answering Paragraph 24 of the Complaint, Defendants state that the legal conclusions cited therein do not require an admission or denial.

25.     Answering Paragraph 25 of the Complaint, Defendants deny the allegations therein.

26.     Answering Paragraph 26 of the Complaint, Defendants deny the allegations therein.

27.     Answering Paragraph 27 of the Complaint, Defendants deny the allegations therein.

28.     Answering Paragraph 28 of the Complaint, Defendants deny the allegations therein.

29.     Answering Paragraph 29 of the Complaint, Defendants deny the allegations therein.

**Response to Allegations regarding CCCF Defendants' Illegal Telemarketing Calls**

30.     Answering Paragraph 31 of the Complaint, Defendants deny the allegations therein.

31.     Answering Paragraph 31 of the Complaint, Defendants deny the allegations therein.

32.     Answering Paragraph 32 of the Complaint, Defendants deny the allegations therein.

33.     Answering Paragraph 33 of the Complaint, Defendants deny the allegations therein.

34.     Answering Paragraph 34 of the Complaint, Defendants deny the allegations therein.

35.     Answering Paragraph 35 of the Complaint, Defendants deny the allegations therein.

36.     Answering Paragraph 36 of the Complaint, Defendants deny the allegations therein.

37.     Answering Paragraph 37 of the Complaint, Defendants deny the allegations therein.

38.     Answering Paragraph 38 of the Complaint, Defendants deny the allegations therein.

39.     Answering Paragraph 39 of the Complaint, Defendants deny the allegations therein.

**Response to Plaintiff's Individual Allegations**

40.     Answering Paragraph 40 of the Complaint, Defendants are without knowledge or information or belief sufficient to admit or deny the allegations contained therein, and on that basis deny those allegations.

ANSWER

41.     Answering Paragraph 41 of the Complaint, Defendants are without knowledge or information or belief sufficient to admit or deny the allegations contained therein, and on that basis deny those allegations.

42.     Answering Paragraph 42 of the Complaint, Defendants are without knowledge or information or belief sufficient to admit or deny the allegations contained therein, and on that basis deny those allegations.

43.     Answering Paragraph 43 of the Complaint, Defendants are without knowledge or information or belief sufficient to admit or deny the allegations contained therein, and on that basis deny those allegations.

44.     Answering Paragraph 44 of the Complaint, Defendants are without knowledge or information or belief sufficient to admit or deny the allegation that Pinn's telephone number has been registered with the National Do-Not-Call Registry for over ten years and that Pinn uses this telephone number uses residential purposes.  Except as heretofore admitted, Defendants deny the remaining allegations therein.

45.     Answering Paragraph 45 of the Complaint, Defendants deny the allegations therein.

46.     Answering Paragraph 46 of the Complaint, Defendants admit that Pinn emailed a complaint to CCCF on April 13, 2022, and that the complaint was forwarded to Digital Media Solutions, LLC, which denied that it made or authorized the calls, and refused to indemnify Defendants in this action.  Except as heretofore admitted, Defendants deny the remaining allegations therein.

**Response to Class Certification Allegations**

47.     Answering Paragraph 47 of the Complaint, Defendants state the legal conclusions therein do not require an admission or denial.

48.     Answering Paragraph 48 of the Complaint, Defendants state the legal conclusions therein do not require an admission or denial.

49.     Answering Paragraph 49 of the Complaint, Defendants deny the allegations therein.

50.     Answering Paragraph 50 of the Complaint, Defendants deny the allegations therein.

51.     Answering Paragraph 51 of the Complaint, Defendants deny the allegations therein.

52.     Answering Paragraph 52 of the Complaint, Defendants deny the allegations therein.

ANSWER

53.     Answering Paragraph 53 of the Complaint, Defendants deny the allegations therein.

54.     Answering Paragraph 54 of the Complaint, Defendants deny the allegations therein.

55.     Answering Paragraph 55 of the Complaint, Defendants deny the allegations therein.

56.     Answering Paragraph 56 of the Complaint, Defendants deny the allegations therein.

**RESPONSE TO FIRST CAUSE OF ACTION**

57.     Answering Paragraph 57 of the Complaint, Defendants incorporate by reference the preceding allegations as if fully set forth herein.

58.     Answering Paragraph 58 of the Complaint, Defendants admit the allegations therein.

59.     Answering Paragraph 59 of the Complaint, Defendants state the legal conclusions therein do not require an admission or denial.

60.     Answering Paragraph 60 of the Complaint, Defendants state the legal conclusions therein do not require an admission or denial.

61.     Answering Paragraph 61 of the Complaint, Defendants deny the allegations therein.

62.     Answering Paragraph 62 of the Complaint, Defendants deny the allegations therein.

63.     Answering Paragraph 63 of the Complaint, Defendants state the legal conclusions therein do not require an admission or denial.

64.     Answering Paragraph 64 of the Complaint, Defendants deny the allegations therein.

65.     Answering Paragraph 65 of the Complaint, Defendants deny the allegations therein.

66.     Answering Paragraph 66 of the Complaint, Defendants deny the allegations therein.

67.     Answering Paragraph 67 of the Complaint, Defendants deny the allegations therein, except to the extent that Plaintiff alleges that she brings this action to unjustly enrich herself and her attorney.

68.     Answering Paragraph 68 of the Complaint, Defendants deny the allegations therein, except to the extent that Plaintiff alleges that she brings this action to unjustly enrich herself and her attorney.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses to the Complaint:

6

ANSWER

1

## **FIRST AFFIRMATIVE DEFENSE**

2

### **(Failure to State a Claim)**

3

The Complaint fails to state a claim for which relief can be granted.

4

## **SECOND AFFIRMATIVE DEFENSE**

5

### **(Acquiescence)**

6

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

7

## **THIRD AFFIRMATIVE DEFENSE**

8

### **(Release)**

9

Plaintiff's claims are barred, in whole or part, by releases, express and implied, granted or

10

authorized to be granted by Plaintiff.

11

## **FOURTH AFFIRMATIVE DEFENSE**

12

### **(Waiver)**

13

Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

14

## **FIFTH AFFIRMATIVE DEFENSE**

15

### **(Estoppel)**

16

Plaintiffs' claims are barred, in whole or part, by the doctrine of estoppel.

17

## **SIXTH AFFIRMATIVE DEFENSE**

18

### **(Unclean Hands)**

19

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

20

## **SEVENTH AFFIRMATIVE DEFENSE**

21

### **(Failure to Mitigate)**

22

Plaintiff's claims are barred, in whole or part, because Plaintiff has failed to mitigate her

23

damages.

24

## **EIGHTH AFFIRMATIVE DEFENSE**

25

### **(Due Process)**

26

Any award of punitive or statutory damages against Defendants would be unconstitutional as

27

violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and

28

the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

**(No Use of Automatic Telephone Dialing System)**

The telephone system used by Defendants does not qualify as an automatic telephone dialing system as defined by the Telephone Consumer Protection Act.

**TENTH AFFIRMATIVE DEFENSE**

**(Prior Express Written Consent)**

Plaintiff provided prior express written consent to be contacted on her cellular telephone by Defendants by visiting the website https://healthinstantly.org/form.html, on February 2, 2022 and inputting the following information on the form: 1. Name: Kelly Pinn[;] 2. Phone: 8179032161.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiff ratified the conduct alleged in the Complaint by failing to revoke Plaintiff's prior express written consent and answering the purported telephone calls to her cellular telephone number, and is therefore barred from recovery against Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Join)**

Plaintiff's claims are barred by reason of Plaintiff's failure to join required parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Nonprofit Exemption)**

The alleged telephone calls were made to promote Defendants' business as a nonprofit debt counseling service, and are barred by the TCPA's Nonprofit Exemption.

**RESERVATION OF RIGHTS AND DEFENSES**

Defendants reserve the right to raise additional defenses as Defendants become aware of them.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendants prays for judgment as follows:

(a)     That Plaintiff take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

(b)     That the Court enter judgment that Defendants are the prevailing party in this action;

ANSWER

1

2

       (c)      That the Court award Defendants all costs, expenses and attorneys' fees that Defendants are entitled to under federal law; and

3

       (d)      That the Court award any and all other relief to which Defendants may be entitled.

4

Dated:  April 28, 2023              LAW OFFICES OF SETH W. WIENER

5

6

                                  By: _____

7

                                  Seth W. Wiener

                                  Attorney for Defendant and Third Party Plaintiff

8

                                  Consumer Credit Counseling Foundation, Inc.,

                                  and Defendants National Budget Planners of South

9

                                  Florida, Inc. and Ishwinder Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on April 28, 2023, I served the foregoing through the Court's CM/ECF

3 system, which sent notice to all counsel of record.

4

5

6 By: _____

7 SETH W. WIENER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

ANSWER