UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY PINN,<br><br>    Plaintiff,<br><br>    v.<br><br>CONSUMER CREDIT COUNSELING FOUNDATION, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04048-DMR<br><br>**ORDER ON JOINT DISCOVERY LETTER AND PLAINTIFF'S MOTION TO EXTEND DEADLINE TO HEAR CLASS CERTIFICATION MOTION**<br><br>Re: Dkt. Nos. 108, 109 |

In May 2023, Plaintiff Kelly Pinn and Defendants Consumer Credit Counseling Foundation ("CCCF"), National Budget Planners of South Florida, Inc. ("NBP"), and Ishwinder Judge (together, the "CCCF Defendants") filed a joint discovery letter in which Plaintiff moved to compel further discovery. Plaintiff also argued that Defendants' search for responsive documents was inadequate and asked the court to order an independent collection and production of documents and information at Defendants' expense. [Docket No. 64.] In July 2023, the court granted in part Plaintiff's motion to compel and ordered the CCCF Defendants to produce documents responsive to two requests for production ("RFPs"). [Docket No. 86.] Based on the record regarding the adequacy of Defendants' search for and production of responsive documents and information, the court ordered Defendant Judge and a person most knowledgeable on behalf of CCCF and NBP to file and serve detailed, sworn declarations regarding their search for and collection of responsive documents that addressed seven specific categories of information relevant to that inquiry. The court reminded counsel "that they have an independent duty to respond fully to discovery, and may not delegate the responsibility for searching for and collecting responsive documents and information to their clients." *Id*. at 2 (emphasis removed).

The CCCF Defendants filed declarations by Judge and Porus Engineer, CCCF's Director

of Operations, on July 25, 2023. [Docket Nos. 88, 89.] They filed a supplemental declaration by Engineer on August 23, 2023. [Docket No. 94.]

The parties filed a joint discovery letter in September 2023 in which Plaintiff identified gaps in the declarations[1] and again challenged the adequacy of the CCCF Defendants' search for and production of responsive documents and information. [Docket No. 97.] Plaintiff subsequently withdrew the September 2023 letter. [Docket No. 105.]

The parties filed the instant joint discovery letter in March 2024. [Docket No. 108 (Jt. Letter).] Plaintiff states that she has "devoted the intervening time" between withdrawing the September 2023 letter and filing the instant letter "to verifying and confirming her account of the emails missing from Defendants' production," as described in the letter. *Id*. at 1. She also renews her request for an "independent collection of evidence," arguing that "[t]he Court's prior orders still have not resolved concerns about the integrity of discovery and Defendants' document collection and production." *Id*. Plaintiff offers several examples of shortcomings in the CCCF Defendants' discovery responses:

- After obtaining email headers from a third party (Microsoft), Plaintiff identified four responsive emails between the CCCF Defendants and Digital Media Solutions, LLC ("DMS") that are not duplicates of other emails; these emails still have not been produced, and based on the email headers, it appears that there are at least 80 other responsive emails between the CCCF Defendants and a telemarketer using the shivjauhar@hotmail.com address that have not been produced;
- The CCCF Defendants have not produced any Skype communications and contend that they are unable to produce the file(s) generated by Skype's built-in export function;
- The CCCF Defendants have not produced audio recordings of incoming calls and admit that they did not retain such recordings, even though Engineer stated in his

---

[1] The declarations do not address when the declarants took steps to gather documents responsive to discovery requests; whose files were searched; what steps were taken to gather responsive materials; and how files are or were organized, stored, and maintained. In the supplemental declaration, Engineer discusses a July 2023 search for responsive emails but does not specify who conducted that search. He does not describe any other searches for responsive documents, including searches for non-email documents.

2

supplemental declaration that "[n]o information relevant to this lawsuit has been deleted by CCCF or NBP";

- The CCCF Defendants have refused to produce entries in the CreditSoft CRM database in excel or csv format, and instead have produced a pdf file depicting only one database entry; and

- The CCCF Defendants' most recent production of emails suggests there are "class data record systems" which have not been identified to Plaintiff and have not been searched.

Jt. Letter 2-3.

The CCCF Defendants' responses to the foregoing issues are unconvincing. They deny their ability to export Skype records in their native format or produce CreditSoft CRM database information in excel or csv format but offer no explanation. They "maintain all emails have been produced" with responding to the specific issues Plaintiff identifies with their production, and dispute that any audio recordings were deleted while admitting that their system only stores recordings for 60 days. *Id*. at 4.

Based on the current record, the court orders the following: Plaintiff is granted leave to take a Federal Rule of Civil Procedure 30(b)(6) deposition of the CCCF Defendants regarding their document and information systems, their search for and production of responsive documents and information in discovery, and whether spoliation of evidence has occurred. Plaintiff may explore the deficiencies in the court-ordered declarations and the gaps in production described above to create a record regarding the CCCF Defendants' conduct in discovery and compliance with the court's previous orders on discovery. This deposition shall not count against the presumptive 10-deposition limit in this action. Following the deposition, if Plaintiff believes that sanctions are warranted, including an independent collection of evidence at Defendants' expense, Plaintiff may file a duly noticed motion for sanctions under Local Rule 7-1(a)(1) that does not exceed 15 pages, exclusive of evidence. The CCCF Defendants' response to any such motion may not exceed 15 pages, exclusive of evidence, and shall be due by the deadline specified in Local Rule 7-3(a). Plaintiff's reply may not exceed 7 pages and shall be due by the deadline specified in Local Rule 7-3(c).

Plaintiff has demonstrated good cause to extend the deadline to hear a class certification motion. [Docket No. 109.] The existing July 25, 2024 deadline is vacated and will be re-set by the court at the July 31, 2024 further case management conference.

Plaintiff's motion to compel the CCCF Defendants to respond to RFP No. 12 (Jt. Letter 5) is set for hearing on July 25, 2024 at 1:00 p.m. via Zoom webinar.

**IT IS SO ORDERED.**

Dated: May 29, 2024



Donna M. Ryu
Chief Magistrate Judge
Judge Donna M. Ryu