Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Kelly Pinn, on her own behalf,
and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY PINN, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSUMER CREDIT COUNSELING FOUNDATION, INC., NATIONAL BUDGET PLANNERS OF SOUTH FLORIDA, INC., Florida corporations, and ISHWINDER JUDGE, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | **DECLARATION OF ETHAN PRESTON SUPPORTING PLAINTIFF KELLY PINN'S MOTION FOR SANCTIONS AGAINST DEFENDANTS**<br><br>No. 4:22-cv-04048-DMR<br><br>Judge Donna M. Ryu |

1. My name is Ethan Preston. I am an attorney at law licensed to practice before all of the courts of the State of California. I am counsel of record for Plaintiff Kelly Pinn ("Pinn"), and have personal knowledge of all of the facts set forth in this declaration and could testify thereto if called to do so.

2. **Defendants' Discovery Responses:** On May 18, 2023, Defendants Consumer Credit Counseling Foundation, Inc. ("CCCF"), National Budget Planners of South Florida, Inc., and Ishwinder Judge (hereinafter jointly referred to as "Defendants") served their Second Amended Responses to Pinn's requests for production of documents ("RPDs"). Exhibit 2 to the Porus Engineer deposition is a true and correct copy of these responses. Defendant's counsel certified these responses under Rule 26(g). RPD 3 covers

> all documents concerning communications between Defendants and Digital Media Solutions, LLC ["DMS"], any other telemarketer which called Plaintiff and/or [her telephone number] during the class period, and/or any telemarketer

using the name "Credit Associates." (Ex. 2 to Def.s' Depo. at 3.) Defendants' response to RPD 3 indicated they had "produced all non-privileged documents in their possession, custody, or control that are responsive to this Request," and did not indicate Defendants had withheld any document (under any objection or otherwise). (*Id*.)

3. Pinn's RPD 17 covered "documents concerning any payment" CCCF made to "any employee[,] affiliate, subsidiary, parent, or related corporation, [] or other entity related to CCCF, including by way of example communications concerning [or] financial records evidencing such payment." (*Id.* at 6.) Defendants' May 18, 2023 responses stated "Defendants have conducted a diligent search and a reasonable inquiry and do not have any non-privileged documents in their possession, custody, or control that are responsive to this Request." (*Id.*) California Secretary of State records indicate Faravahar, Inc. is a for-profit California corporation, and Porus Engineer is its Chief Executive Officer, Chief Financial Officer, and Director. Defendants have not produced any documents concerning Faravahar.

4. **Defendants' July 2023 Production:** On July 13, 2023, Pinn alerted Defendants that they had obtained various email headers from Microsoft Corporation (Defendants' email provider), which indicated Defendants' document production was not complete. Pinn provided Defendants with a set of 40 email headers reflecting emails sent between Defendants, DMS, and Shiv Jauhar (shivjauhar@hotmail.com) which were responsive to Pinn's RPD 3 but which Defendants had not produced. Exhibit 7 to the Porus Engineer deposition is a true and correct copy of this July 2023 email.

5. On July 20, 2023, Defendants made another production—including 176 emails with DMS, 118 of which also included shivjauhar@hotmail.com.. Exhibit 11 to the Porus Engineer deposition is a true and correct copy of an email chain between counsel from July 20 to July 27, 2023. On July 27, 2023, Defendants confirmed ("for a third time") by email that their July 2023 production was "a complete production of all outstanding discovery[.]" (Ex. 11 to Def.s' Depo. at 1.)

6. Defendants' July 2023 production included an email from DMS to Defendants, in

which Defendants requested access to a Google Sheets spreadsheet called "DMS Report" from Defendants. A true and correct copy of this email is attached to this Declaration as Exhibit A.

7. **Defendants' September 2023 Production:** On August 29, 2023, Pinn provided Defendants with a collection of 58 Microsoft email headers reflecting emails sent between Defendants, DMS, and Shiv Jauhar (shivjauhar@hotmail.com) which were responsive to Pinn's RPD 3 but which Defendants still had not produced. Exhibit 13 to the Porus Engineer deposition is a true and correct copy of this August 2023 email. Exhibit 14 to the Porus Engineer deposition is a true and correct chart of the email headers attached to this August 2023 email.

8. Defendants produced additional email in September 2023. Exhibit 15 to the Porus Engineer deposition is a true and correct copy of this Defendants' September 25, 2023 email. The subject line of the September email is "Fw: Missing Emails." The email itself states, in relevant part: "Here are the additional emails." Attached to the September 2023 email was a zip file named "Missing Emails.zip" that contained 52 emails between Defendants and DMS that Defendants had not previously produced.

9. Exhibit 18 to the Porus Engineer deposition is a true and correct copy of an email included in Defendants' September 2023 production. That email has a subject line "double verified," and is dated February 21, 2022. (Ex. 18 to Def.s' Depo. at 1.) The email contains embedded call data for a DMS telemarketing campaign for CCCF, and references "the google spreadsheet" shared by DMS and CCCF. (*Id.*)

10. Exhibit 21 to the Porus Engineer deposition is a true and correct copy of an email included in Defendants' September 2023 production. That email has a subject line "May Numbers," and is dated June 2, 2022. (Ex. 21 to Def.s' Depo. at 1.) The email contains a spreadsheet named "May Prius_Buell.xlsx" reflecting call records from a DMS campaign for CCCF. (*Id*. at 2-8.) The email also refers to "Liv [sic] Transfer," "Downsells," and "Double Verified" calls. (*Id*. at 1.)

11. Defendants' September 2023 production included two emails from Shiv Jauhar (using the email address shivjauhar@hotmail.com) to Defendants, DMS, and others, dated March 28 and June 14, 2022. True and correct copies of these emails are attached to this

Declaration as Exhibits B and C, except the full telephone numbers in Exhibit C have been redacted. In the March email, Jauhar asked DMS for "access to the recordings for the DV calls," and provided an Indian telephone number. (Ex. B.) In the June email, Jauhar's email embeds call data about Defendants' telemarketing, and responds to prank calls. (Ex. C.)

12. **Defendants' July 2024 Production:** On March 6, 2024, Pinn sent an email attaching the four headers from Pinn's August 29, 2023 email that were *not* included in Defendants' prior productions. The March 2024 email stated in relevant part: "There's still 4 emails missing from the original set of 58 missing emails." On July 8, 2024, Defendants produced these remaining four emails with DMS.

13. On July 11, 2024, Defendants produced a document named "2024-07-11 DMS Call Records.xlsx"—which appears to just be a leads list that does not contain any call dates, outgoing numbers, etc.

14. A few hours before the deposition Defendants produced a set of JSON files purporting to be an original copy of Defendants' Skype communications with other witnesses. During the deposition, Defendants asserted they had "produced the Skype files" as a Microsoft Word document "cut and paste" from Defendants' Skype account. (Tr. 88:24-89:3.) In fact, Defendants had discussed but never actually produced this Word document to Pinn. During the deposition, Defendants promised to produce the .tar file native format output of Skype's chat log export function, but have not done so. (*Id*. 87:1-13, 88:5-91: 19.)

15. **Outstanding shivjauhar@hotmail.com Emails:** All of the email Defendants' production includes DMS—most of which also involves shivjauhar@hotmail.com (118 of 176 emails in Defendants' July 2023 production, and 56 of 56 emails in Defendants' September 2023 and July 2024 production). Generally, Defendants productions indicate the user of the shivjauhar@hotmail.com email address played a direct role in managing Defendants' telemarketing campaigns.

16. Pinn has identified 82 email headers which she obtained from Microsoft which correspond to emails between Defendants and shivjauhar@hotmail.com that Defendants have not produced. A true and correct copy of Microsoft's certificate of authenticity for the email headers,

together with a chart showing these missing emails, is attached to this Declaration as Exhibit D.

17. **Defendants' Organization Charts:** Exhibit 31 to the Porus Engineer deposition is a true and correct copy of organization charts Defendants produced in discovery. Defendants testified these charts are a "complete list of all CCCF's employees." (Tr. 96:8-10.) However, the charts do not include Defendants' part-time accounting, regulatory, or IT employees. (*Id*. 76:1-4, 97:2-21.)

18. **Notice of Defendants' Deposition:** By prior agreement, Pinn served Defendants with an amended notice of Rule 30(b)(6) deposition for the Defendants' July 16, 2024 deposition. The notice of deposition stated, in relevant part, Pinn's designation for the Rule 30(b)(6) deposition for the Court's May 29, 2024 order:

> 1. The foundation for the deponents' testimony at their deposition, including their personal knowledge, and the basis for (including accuracy and reliability of) their personal knowledge, and the basis for the CCCF Defendants' designations of the deponents as their respective representatives.
>
> 2. All information covered by the Court's May 29, 2024 order: "Plaintiff is granted leave to take a Federal Rule of Civil Procedure 30(b)(6) deposition of the CCCF Defendants regarding their document and information systems, their search for and production of responsive documents and information in discovery, and whether spoliation of evidence has occurred. Plaintiff may explore the deficiencies in the court-ordered declarations and the gaps in production described above to create a record regarding the CCCF Defendants' conduct in discovery and compliance with the court's previous orders on discovery." (ECF No. 114 at 3.)

**Certification**

19. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 7, 2024      By:   s/Ethan Preston
                                  Ethan Preston